12-156-cv
Trezziova v. Kohn

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 16th day of September, two thousand thirteen.

Present:
> BARRINGTON D. PARKER, JR.
> SUSAN L. CARNEY,
> > *Circuit Judges*,
> JED S. RAKOFF,
> > *District Judge.*[*]

_____

*In re:* HERALD, PRIMEO, AND THEMA

_____

---

[*] The Honorable Jed S. Rakoff, United States District Judge for the Southern District of New York, sitting by designation.

DANA TREZZIOVA, NEVILLE SEYMOUR DAVIS,

*Plaintiffs-Appellants,*

REPEX VENTURES S.A., on behalf of itself and all others similarly situated, SCHMUEL CABILLY, KOREA EXCHANGE BANK,

*Plaintiffs,*

v.                                                            No. 12-156-cv,
                                                                  12-162-cv

SONJA KOHN, PRIMEO SELECT FUND, PRIMEO EXECUTIVE FUND, HANNES SALETA, ERNST & YOUNG GLOBAL LIMITED, HSBC SECURITIES SERVICES (LUXEMBOURG) S.A., HSBC HOLDINGS PLC, BANK MEDICI, UNICREDIT, BANK AUSTRIA, PIONEER GLOBAL ASSET MANAGEMENT S.P.A., ALFRED SIMON, KARL E. KANIAK, HANS-PETER TIEFENBACHER, JOHANNES P. SPALEK, NIGEL H. FIELDING, JAMES E. O'NEILL, ALBERTO LAROCCA, DECLAN MURRAY, URSULA RADEL-LESZCYNSKI, MICHAEL WHEATON, BA WORLDWIDE FUND MANAGEMENT, LTD., PIONEER ALTERNATIVE INVESTMENT MANAGEMENT LTD., BANK OF BERMUDA (CAYMAN) LIMITED, BANK OF BERMUDA (LUXEMBOURG) S.A., BANK OF BERMUDA LIMITED, ERNST & YOUNG (CAYMAN), ALBERTO BENBASSAT, STEPHANE BENBASSAT, GENEVALOR, BENBASSAT & CIE, GERALD J.P. BRADY, JOHN HOLLIWELL, SONJA KOHN, DANIEL MORRISSEY, DAVID T. SMITH, WERNER TRIPOLT, BANK MEDICI AG, UNICREDIT SPA, HSBC INSTITUTIONAL TRUST SERVICES (IRELAND) LTD., HSBC SECURITIES SERVICES (IRELAND) LTD., HSBC HOLDINGS PLC, PRICEWATERHOUSECOOPERS INTERNATIONAL LTD., PRICEWATERHOUSECOOPERS (DUBLIN), PRICEWATERHOUSECOOPERS LLP, PRICEWATERHOUSECOOPERS BERMUDA, THEMA ASSET MANAGEMENT LIMITED, BA WORLDWIDE FUND MANAGEMENT LIMITED, PETER MADOFF, ANDREW MADOFF, MARK MADOFF, WILLIAM

2

FRY, JP MORGAN CHASE & CO., BANK OF NEW YORK MELLON, HERALD (LUX), MESSRS. FERDINAND BURG AND CARLO REDING, THE COURT APPOINTED LIQUIDATORS FOR HERALD (LUX), HERALD ASSET MANAGEMENT LIMITED, UNICREDIT BANK AUSTRIA AG, HERALD USA FUND, THEMA INTERNATIONAL FUND PLC, ERNST & YOUNG S.A., FRIEDRICH PFEFFER, FRANCO MUGNAI, THEMA INTERNATIONAL FUND PLC,

*Defendants-Appellees*,

BERNARD L. MADOFF, BERNARD L. MADOFF INVESTMENT SECURITIES, BANK MEDICI S.A., PETER SCHEITHAUER, HERALD USA FUND, HERALD LUXEMBURG FUND, BANK AUSTRIA CREDITANSTALT, UNICREDIT S.A., PIONEER ALTERNATIVE INVESTMENTS, HSBC SECURITIES SERVICES, S.A., HAML, PAUL DE SURY, GABRIEL SAFDIE, WILLIAM A. JONES, HELMUTH E. FREY, ANDREAS PIRKNER, RICHARD GODDARD, ERNST & YOUNG, FRIEHLING & HOROWITZ,

*Defendants.*[**]

_____

For Plaintiffs-Appellants:     FRANCIS A. BOTTINI, JR. (Albert Y. Chang, Chapin Fitzgerald Sullivan & Bottini LLP, San Diego, CA; Eric Alan Isaacson, Joseph D. Daley, Jessica T. Shinnefield, Robbins Geller Rudman & Dowd LLP, San Diego, CA, *on the brief*), Chapin Fitzgerald Sullivan & Bottini LLP, San Diego, CA, *for Plaintiff-Appellant Neville Seymour Davis*.

TIMOTHY JOSEPH BURKE, Stull, Stull & Brody, Beverly Hills, CA, *for Plaintiff-Appellant Dana Trezziova*.

---

[**]     The Clerk of Court is directed to amend the caption.

For Defendants-Appellees: SUSAN L. SALTZSTEIN (Marco E. Schnabl, *on the brief*), Skadden, Arps, Slate, Meagher & Flom LLP, New York, NY, *for Defendant-Appellee UniCredit S.p.A.*

MICHAEL E. WILES, Debevoise & Plimpton LLP, New York, NY, *for Defendants-Appellees Alberto Benbassat, Stephane Benbassat, Genevalor, Benbassat & Cie, Gerald J.P. Brady, Daniel Morrissey, David T. Smith, Thema Asset Management Limited, and Thema International Fund plc.*

THOMAS J. MOLONEY (David E. Brodsky, Evan A. Davis, Charles J. Keeley, Daniel D. Queen, *on the brief*), Cleary Gottlieb Steen & Hamilton LLP, New York, NY, *for Defendants-Appellees HSBC Holdings plc, HSBC Securities Services (Ireland) Limited, HSBC Institutional Trust Services (Ireland) Limited, and HSBC Securities Services (Luxembourg) S.A.*

PATRICIA M. HYNES (Andrew Rhys Davies, Laura R. Hall, *on the brief*), Allen & Overy LLP, New York, NY, *for Defendant-Appellee JP Morgan Chase & Co.*

THOMAS G. RAFFERTY (Antony L. Ryan, *on the brief*), Cravath, Swaine & Moore LLP, New York, NY, *for Defendant-Appellee PriceWaterhouseCoopers Ireland.*

James C. Dugan, Mitchell J. Auslander, Wilkie Farr & Gallagher LLP, New York, NY, *for Defendant-Appellee William Fry.*

Price O. Gielen, Neuberger, Quinn, Gielen, Rubin & Gibber, P.A., Baltimore, MD, *for Defendant-Appellee Sonja Kohn.*

4

Franklin B. Velie, Jonathan G. Kortmansky, Mitchell C. Stein, Sullivan & Worcester LLP, New York, NY, *for Defendant-Appellee UniCredit Bank Austria AG.*

Brett S. Moore, Porzio, Bromberg & Newman P.C., New York, NY, *for Defendant-Appellee Herald (LUX) by and through Messrs. Ferdinand Burg and Carlo Reding, the Court-Appointed Liquidators for Herald (LUX).*

Joseph Serino, Jr., Jay P. Lefkowitz, David S. Flugman, Kirkland & Ellis LLP, New York, NY, *for Defendants-Appellees Herald USA Fund, Franco Mugnai, and Friedrich Pfeffer.*

Jeff G. Hammel, Maria A. Barton, Latham & Watkins LLP, New York, NY, *for Defendant-Appellee Hannes Saleta.*

Lewis J. Liman, Jeffrey A. Rosenthal, Cleary Gottlieb Steen & Hamilton LLP, New York, NY, *for Defendant-Appellee The Bank of New York Mellon Corporation.*

Sanford M. Litvack, Dennis H. Tracey, III, Lisa J. Fried, Hogan Lovells US LLP, New York, NY, *for Defendant-Appellee PriceWaterhouseCoopers Bermuda.*

Michael P. Carroll, James H.R. Windels, Michael S. Flynn, Davis Polk & Wardwell LLP, New York, NY, *for Defendant-Appellee PriceWaterhouseCoopers LLP.*

Fraser L. Hunter, Jr., Brad E. Konstandt, WilmerHale LLP, New York, NY, *for Defendant-Appellee PriceWaterhouseCoopers International Ltd.*

5

William R. Maguire, Marc A. Weinstein, Gabrielle S. Marshall, Hughes Hubbard & Reed LLP, New York, NY, *for Defendant-Appellee Ernst & Young (Cayman).*

Richard A. Martin, Katherine L. Maco, Alison K. Roffi, Orrick Herrington & Sutcliffe LLP, New York, NY, *for Defendant-Appellee Ernst & Young S.A.*

Claudius O. Sokenu, John M. Massaro, Arthur Luk, Arnold & Porter LLP, Washington, DC, *for Defendant-Appellee Ernst & Young Global Limited.*

_____

Appeal from the United States District Court for the Southern District of New York (Berman, *J.*).

**ON CONSIDERATION WHEREOF**, it is hereby **ORDERED**, **ADJUDGED**, and **DECREED** that the judgment of the district court be and hereby is **AFFIRMED**.

Plaintiffs-Appellants Dana Trezziova and Seymour Neville Davis appeal from a judgment entered on December 12, 2011, by the United States District Court for the Southern District of New York (Berman, *J.*). That judgment granted the defendants' motions to dismiss Trezziova's and Davis's proposed class action complaints on behalf of investors in certain foreign investment funds that placed their investors' money with Bernard L. Madoff Investment Securities ("Madoff

6

Securities"). The district court dismissed the plaintiffs-appellants' claims against (1) defendants-appellees JPMorgan Chase & Co. and the Bank of New York Mellon Corporation as precluded by the Securities Litigation Uniform Standards Act of 1998 ("SLUSA"), 15 U.S.C. § 78bb(f), and, alternatively, by New York's Martin Act, N.Y. Gen. Bus. Law §§ 352 *et seq.*; (2) defendants-appellees Friehling & Horowitz, Erko, Inc., Windsor IBC, Inc., Infovaleur, Inc., and Eurovaleur, Inc., for failure to serve process under Rule 12(b)(5) of the Federal Rules of Civil Procedure and for failure to prosecute under Rule 41(b); and (3) the remaining defendants on the ground of *forum non conveniens*. On appeal, appellants contend that the district court's dismissal of the first two categories of defendants was based on erroneous interpretations of the applicable laws; as to the third, the appellants argue that the district court abused its discretion in granting dismissal for *forum non conveniens* because the district court made clearly erroneous findings of fact, failed to give appropriate deference to the plaintiffs' choice of forum, and improperly dismissed the consolidated cases in favor of two separate fora. Davis also appeals the district court's refusal to approve the settlement agreement he reached with defendants-appellees HSBC Institutional Trust

Services (Ireland) Ltd., HSBC Securities Services (Ireland) Ltd., and HSBC Holdings PLC, and proposed defendant HSBC Bank USA, N.A. We address appellants' contention with respect to the dismissal of their claims against JP Morgan Chase and the Bank of New York Mellon in an opinion filed simultaneously with this summary order, and we address all other issues raised by this appeal in this summary order. We assume the parties' familiarity with the relevant facts, the procedural history, and the issues presented for review.

According to the operative complaints in this case, in the mid-1990s defendant-appellee Sonja Kohn founded defendant-appellee Bank Medici AG, which, with others, created various foreign investment vehicles, namely, Thema International Fund plc ("Thema"), an Irish investment fund; Herald Fund SPC-Herald USA Segregated Portfolio One ("Herald SPC") and Herald (LUX) U.S. Absolute Return Fund ("Herald Lux"), Cayman Islands and Luxembourg funds, respectively; and Primeo Select Fund and Primeo Executive Fund (together, "Primeo"). These funds, which were closed to U.S. investors, invested their assets, unbeknownst to their investors, with Madoff Securities. Although Madoff Securities held itself out as investing in U.S. securities, in December 2008 Madoff

8

Securities was discovered to be a Ponzi scheme. As a result of Madoff Securities' collapse and its impact on the aforesaid funds, Thema investors and the Herald funds' investors collectively lost about $3 billion.

In early 2009, Repex Ventures S.A., an investor in Herald Lux, filed a class action in the Southern District of New York on behalf of investors in the various funds created by Sonja Kohn. Other similar suits by other feeder fund investors were later filed, and in October 2009, the district court consolidated the related actions for pre-trial purposes and appointed lead plaintiffs for each family of funds. The district court appointed as lead plaintiffs appellant Neville Seymour Davis, a citizen of the United Kingdom and a French resident, for the proposed class of Thema investors; Repex Ventures for the proposed class of investors in the Herald funds; and Schmuel Cabilly for the proposed class of investors in the Primeo funds.[1] On February 11, 2010, Davis and Repex filed amended class action complaints, at which point Repex added appellant Dana Trezziova, a resident of the Czech Republic and an investor in Herald (USA), as co-plaintiff.

The Thema and Herald amended complaints raise similar, although not

---

[1] Repex Ventures and Cabilly did not appeal the district court's dismissal of their claims.

entirely overlapping, claims under federal and state law against the owners of the funds, including Kohn; the funds themselves; the funds' directors, administrators, custodians, auditors, advisors, and counsel; members of the Madoff family; and the New York-based banks that held Madoff's business accounts. The complaints allege in essence that the various defendants ignored or failed to detect the numerous "red flags" suggesting that Madoff Securities was a fraud.

Around the same time as the instant class actions were filed in the Southern District of New York, Thema, after having entered into liquidation, filed suit through its receiver, along with 61 Thema shareholders, in the Irish High Court against many of the same defendants. Thema sued defendant-appellee HSBC Institutional Trust Services (Ireland) Ltd., Thema's custodian, for the full value of the assets reportedly bought and sold for Thema. The High Court has since consolidated these actions for pretrial proceedings and trial in Ireland. In April 2009, Herald Lux's liquidator commenced a similar suit in Luxembourg on behalf of the fund and its investors. More than 800 Herald Lux investors, Herald SPC, and Herald SPC investors also filed similar suits in

Luxembourg against many of the same defendants under statutory, tort, and other theories.

In April 2011, plaintiffs sought leave to file amended class action complaints to add new allegations and defendants and to modify their claims, and in June 2011 defendants jointly moved to dismiss the complaints. On November 29, 2011, the district court issued an opinion that, for the most part, dismissed the plaintiffs' claims against all defendants and denied plaintiffs' motion to amend their complaints.[2] In that opinion, the district court dismissed plaintiffs' claims as follows: (1) the claims against defendants-appellees JPMorgan Chase & Co. and the Bank of New York Mellon were dismissed as precluded by the Securities Litigation Uniform Standards Act of 1998 ("SLUSA"), 15 U.S.C. § 78bb(f), and, alternatively, by New York's Martin Act, N.Y. Gen. Bus. Law §§ 352 *et seq.*; (2) the claims against defendants-appellees Friehling &

---

[2] The district court severed and stayed on consent Davis's claims against Peter and Andrew Madoff, Bernard Madoff's brother and son, respectively, and against the estate of Mark Madoff, Bernard Madoff's deceased son, pursuant to the bankruptcy court's automatic stay of actions against the Madoff estate. *See* 11 U.S.C. § 362(a). As a consequence, final judgment has not been entered as to the entirety of the case in the district court. However, it is uncontested that this appeal is proper, as "appeal from a judgment on a validly severed single claim may be timely taken as of right notwithstanding the pendency of the remaining claims or counterclaims." *Spencer, White & Prentis Inc. of Conn. v. Pfizer Inc.*, 498 F.2d 358, 361 (2d Cir. 1974).

Horowitz, Erko, Inc., Windsor IBC, Inc., Infovaleur, Inc., and Eurovaleur, Inc., were dismissed for failure to serve and for failure to prosecute; and (3) the claims against the remaining defendants were dismissed on the ground of *forum non conveniens* in favor of Ireland, with respect to the Thema action, and Luxembourg, with respect to the Herald and Primeo actions. In light of these dismissals, the district court also found plaintiffs' motion to amend their respective complaints to be futile and therefore denied the motion.

In October 2010, Davis and the HSBC defendants[3] began negotiating a partial settlement of the Thema class's claims against HSBC as custodian and administrator of the Fund. In April 2011, the parties agreed to a $62.5 million cash settlement, constituting approximately twenty percent of Thema's net loss, the terms of which were revised somewhat in August 2011 in response to issues raised by the district court. The district court denied preliminary approval of the settlement in September 2011. On November 27, 2011, immediately before the district court issued its decision on the defendants' motion to dismiss, Davis and

---

[3] As mentioned above, the "HSBC defendants" include defendants-appellees HSBC Institutional Trust Services (Ireland) Ltd., HSBC Securities Services (Ireland) Ltd., HSBC Holdings PLC, and proposed defendant HSBC Bank USA, N.A.

the HSBC defendants sought a pre-motion conference for an anticipated motion for preliminary approval of an amended settlement and asked the district court to forebear ruling on the HSBC defendants' motions to dismiss until after completion of approval proceedings. In its opinion of November 29, 2011, granting defendants' motion to dismiss, the district court stayed its ruling temporarily as it related to Davis's claims against the HSBC defendants in order to allow Davis, HSBC, and the other defendants to comment on whether forbearing to rule on HSBC's motion to dismiss would be appropriate. On December 8, 2011, the district court lifted the stay, refused to consider the new settlement, and dismissed Davis's claims against the HSBC defendants based on *forum non conveniens*. This appeal followed.

We turn first to plaintiff-appellant Trezziova's contention that the district court improperly dismissed her claims against defendant-appellee Friehling & Horowitz, Madoff Securities' auditor, as well as four other defendants that Trezziova sought to add as part of the proposed amendment to the Herald investor class complaint: Erko, Inc., Windsor IBC, Inc., Eurovaleur, Inc., and Infovaleur, Inc., all New York–based corporations created by defendant Sonja

13

Kohn. In its November 29, 2011 order, the district court dismissed Trezziova's claims against Friehling & Horowitz pursuant to Rule 12(b)(5) and (2) for insufficient service of process and for lack of personal jurisdiction, respectively, because "[t]he record in these consolidated proceedings does not reflect that [Friehling & Horowitz] have ever been served or that they have ever entered an appearance." Alternatively, the district court dismissed Trezziova's claims against Friehling & Horowitz under Rule 41(b) for "failure to prosecute such claims as, for example, by filing a motion for default judgment against [Friehling & Horowitz]." In a footnote, the district court stated, "For the same reasons, Plaintiffs' claims against Erko, Inc., Windsor IBC, Inc., Infovaleur, Inc., and Eurovaleur, Inc., among other parties, are dismissed for insufficient service of process and for lack of personal jurisdiction, and alternatively for failure to prosecute, under Fed. R. Civ. P. 12(b)(5), (2), and 41(b)." We review for abuse of discretion both a district court's dismissal of a claim for failure to serve process and a dismissal for failure to prosecute. *Thompson v. Maldonado*, 309 F.3d 107, 110 (2d Cir. 2002) (per curiam) (failure to serve); *Lewis v. Rawson*, 564 F.3d 569, 575 (2d Cir. 2009) (failure to prosecute). "We review a district court's denial of leave to

14

amend for abuse of discretion, unless the denial was based on an interpretation of law, such as futility, in which case we review the legal conclusion *de novo*." *Panther Partners Inc. v. Ikanos Comm'ns, Inc.*, 681 F.3d 114, 119 (2d Cir. 2012).

In the period prior to the filing of the defendants' motion to dismiss, the district court gave plaintiffs a year to complete service on all defendants named in their amended complaints, but Trezziova failed to file a certificate of service on Friehling & Horowitz at any time during that period. During that prolonged period, moreover, the district court repeatedly sought to ascertain that all defendants were being served. In response, at a status conference on November 16, 2010, counsel for plaintiffs informed the district court that another defendant, Kohn, was the "last straggler," and that they were trying to serve her in Europe, but made no mention of Friehling & Horowitz. Tr. of Conf. at 4, *In re Herald, Primeo & Thema Sec. Litig.*, No. 09 Civ. 289, ECF No. 107 (S.D.N.Y. Nov. 16, 2010). Similarly, toward the end of the one-year period, Trezziova failed to contradict the district court when the court sought confirmation that service had been accomplished on all defendants. Tr. of Conf. at 29, *In re Herald, Primeo & Thema Sec. Litig.*, No. 09 Civ. 289, ECF No. 169 (S.D.N.Y. Jan. 10, 2011). Given the district

15

court's deadline and its repeated attempts to clarify whether service had been accomplished on all defendants, Trezziova cannot claim that she lacked notice that her claims could be dismissed if she failed to complete service upon any named defendant, and the district court therefore did not abuse its discretion in dismissing her claims against Friehling & Horowitz. *See Thompson*, 309 F.3d at 110 (requiring notice to plaintiff before dismissing a claim for failure to serve).

As to the remaining four defendants, the district court, in response to the plaintiffs' request to file a third amended complaint to include, *inter alia*, the new defendants, informed them that they could file an application for leave to amend, but warned them that "because you've had . . . so many opportunities to amend and to seek further to amend, if [defendants are] successful in their [anticipated] motion [to dismiss], the case w[ill] be dismissed with prejudice." Tr. of Jan. 10, 2011, Conf. at 42. Although leave to amend generally should "'be freely given when justice so requires,' it is within the sound discretion of the district court to grant or deny leave to amend." *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 200 (2d Cir. 2007) (quoting Fed. R. Civ. P. 15(a)). Specifically, "[a] district court has discretion to deny leave for good reason, including futility, bad faith, undue

16

delay, or undue prejudice to the opposing party." *Id.* Given that the district court correctly otherwise found dismissal appropriate under SLUSA and on the grounds of *forum non conveniens*, the district court appropriately refused leave to amend to add these four defendants (whose very addition to the complaint was seemingly an attempt to avoid dismissal for *forum non conveniens*) after the deadline for amending the complaint and years after the case was filed, as such amendment would have unduly delayed the progress of this already long-running case and would have proved futile in any event. We hold that the district court did not err in denying leave to amend.

We turn next to appellants' challenge to the district court's dismissal of their complaints against the majority of defendants on the basis of *forum non conveniens*. "The decision to dismiss a case on *forum non conveniens* grounds lies wholly within the broad discretion of the district court and may be overturned only when we believe that discretion has been *clearly abused*." *Iragorri v. United Technologies Corp.*, 274 F.3d 65, 72 (2d Cir. 2001) (en banc) (internal quotation marks omitted). "A district court abuses its discretion in granting a *forum non conveniens* dismissal when its decision (1) rests either on an error of law or on a

17

clearly erroneous finding of fact, or (2) cannot be located within the range of permissible decisions, or (3) fails to consider all the relevant factors or unreasonably balances those factors." *Norex Petroleum Ltd. v. Access Indus., Inc.*, 416 F.3d 146, 153 (2d Cir. 2005) (internal quotation marks omitted).

We have adopted a three-step process to "guide the exercise" of a district court's "broad discretion" in deciding to dismiss a case for *forum non conveniens*. *Norex*, 416 F.3d at 153. "At step one, a court determines the degree of deference properly accorded the plaintiff's choice of forum. At step two, it considers whether the alternative forum proposed by the defendants is adequate to adjudicate the parties' dispute. Finally, at step three, a court balances the private and public interests implicated in the choice of forum." *Id.* (citations omitted). In this appeal, the parties do not dispute that the district court applied the correct legal framework. Rather, appellants claim that the district court committed errors of law and made erroneous factual findings in granting defendants' motion to dismiss. We disagree.

"Any review of a *forum non conveniens* motion starts with 'a strong presumption in favor of the plaintiff's choice of forum.'" *Norex*, 416 F.3d at 154 (quoting *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 255 (1981)). However, "the degree of deference given to a plaintiff's forum choice varies with the circumstances," *Iragorri*, 274 F.3d at 71, with "the greatest deference . . . afforded a plaintiff's choice of its home forum," and "less deference . . . afforded a foreign plaintiff's choice of a United States forum." *Norex*, 416 F.3d at 154 (internal quotation marks omitted). Thus, "the more it appears that the plaintiff's choice of a U.S. forum was motivated by forum-shopping reasons . . . the less deference the plaintiff's choice commands and, consequently, the easier it becomes for the defendant to succeed on a *forum non conveniens* motion by showing that convenience would be better served by litigating in another country's courts." *Iragorri*, 274 F.3d at 71–72.

Here, the district court granted appellants' choice of the Southern District of New York as a forum only "very limited deference" because, *inter alia*, "Plaintiffs have not identified a single potential witness in New York or within 100 miles of this courthouse," "the core operative facts of these cases involve the

19

operations of foreign entities outside of the United States," and "Plaintiffs, who are themselves foreign, each purport to represent a class of foreign investors . . . , and appear to have little or no connection to the United States." Based on these facts, the district court found that the plaintiffs' decision to file suit in the United States "suggests forum shopping by foreign plaintiffs."

We find that the district court did not abuse its discretion in concluding that the appellants' choice of forum was entitled to little deference. Indeed, appellants themselves acknowledged that their choice of forum was motivated at least in part by a desire to take advantage of U.S. class action procedures and rules governing attorney's fees, which bespeak forum shopping rather than genuine convenience for these foreign plaintiffs, the defendants, and witnesses. *See Iragorri*, 274 F.3d at 72 (describing as forum shopping a plaintiff's "attempts to win a tactical advantage resulting from local laws that favor the plaintiff's case"). To the extent that the appellants, both of whom entered this case after it was filed, claim that they filed the amended class action complaints in the Southern District of New York merely pursuant to the district court's order appointing them as lead plaintiffs and not based on any forum-shopping motivations, they

20

misunderstand the import of the district court's order; a district court's appointment of a lead plaintiff is not an endorsement of a plaintiff's forum choice so much as a consequence of that choice. Moreover, although appellants claim that the fact that Madoff Securities' scheme occurred primarily in New York provides a "bona fide connection to the United States and to [their] forum of choice," *id.*, the ties between the claims against these defendants and Madoff's conduct are too tenuous to require deference to the appellants' choice of forum, when the majority of the conduct likely to be at issue in these cases—the largely foreign defendants' breaches of duties to the foreign funds—occurred abroad. Given these considerations, the district court committed no error in finding that there was only a tenuous connection between the lawsuit or the appellants and their chosen forum, and in suggesting that the decision to file here was "motivated by forum-shopping reasons" and therefore entitled to little deference. *Id.*

As to the second step, in order to "secure dismissal of an action on grounds of *forum non conveniens*, a movant must demonstrate the availability of an adequate alternative forum." *Norex*, 416 F.3d at 157. "An alternative forum is

adequate if the defendants are amenable to service of process there, and if it permits litigation of the subject matter of the dispute." *Id.* (internal quotation marks omitted). However, " '[t]he availability of an adequate alternative forum does not depend on the existence of the identical cause of action in the other forum,' nor on identical remedies." *Id.* at 158 (quoting *PT United Can Co. v. Crown Cork & Seal Co.*, 138 F.3d 65, 74 (2d Cir. 1998)) (alteration in original).

The district court found that "Ireland and Luxembourg are unequivocally adequate fora for these cases." Importantly, the district court noted that "each Defendant who has entered an appearance—except for JPM and BNY—consents to jurisdiction in Ireland to determine the validity of Davis's claims, and in Luxembourg to determine the validity of Repex and Cabilly's claims," meeting the first requirement for an adequate alternative forum. The district court also found the second element met, as "both Ireland and Luxembourg permit litigation of the subject matter of this dispute," since "the courts of Ireland and Luxembourg recognize claims in tort and contract similar to those asserted here," and "hundreds of similar cases brought by the Funds themselves and by the Funds' investors are already pending in the courts of those two countries."

22

Appellants argue that the district court erred in finding the courts of Ireland and Luxembourg to be adequate alternative fora because, they claim, the *forum non conveniens* analysis assumes that these consolidated cases will be sent to a single alternative forum, not the courts of two separate countries. However, as the district court recognized, "the Thema, Herald, and Primeo actions are—and have always been—three separate suits," brought on behalf of "entirely different classes of foreign investors" in different funds, so it is not necessary that these three suits must continue to proceed together. While the district court had determined that it would be more efficient to consolidate the cases for pretrial matters so long as these cases proceeded in this forum, this logic does not preclude the district court's decision that the separate adjudication of these cases in Ireland and Luxembourg, where other suits are already proceeding against many of the same defendants, would be appropriate.

Appellant Davis also argues that Ireland is not an adequate alternative forum because Ireland's procedural law does not provide for class actions, and its discovery procedures are more limited than those available in the United States. However, it is well established that "the unavailability of beneficial litigation

procedures similar to those available in the federal district courts does not render an alternative forum inadequate." *Blanco v. Banco Industrial de Venezuela, S.A.*, 997 F.2d 974, 982 (2d Cir. 1993). Nor is an alternative forum generally "considered 'inadequate' merely because its courts afford different or less generous discovery procedures than are available under American rules." *Mercier v. Sheraton Int'l, Inc.*, 981 F.2d 1345, 1352–53 (1st Cir. 1992). Thus, appellants' challenges to Ireland and Luxembourg as adequate alternative fora must be rejected.

Finally, we turn to the third step of the *forum non conveniens* analysis and examine the district's court's balancing of "the private and public interests implicated in the choice of forum." *Norex*, 416 F.3d at 153. Courts must consider the following private factors in conducting this step of the analysis: "the relative ease of access to sources of proof; availability of compulsory process for attendance of unwilling, and the cost of obtaining attendance of willing, witnesses; . . . and all other practical problems that make trial of a case easy, expeditious and inexpensive." *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508 (1947). "In considering these factors, the court is necessarily engaged in a comparison between the hardships defendant would suffer through the retention of

24

jurisdiction and the hardships the plaintiff would suffer as the result of dismissal and the obligation to bring suit in another country." *Irragori*, 274 F.3d at 74.

Here, the district court found that the private factors pointed toward dismissal in favor of adjudication in Ireland and Luxembourg: "The vast majority of documentary evidence relevant to Plaintiffs' disputes with Defendants in these consolidated cases—which revolve around the actions of the foreign Funds; their foreign directors, managers, and owners; and their foreign administrators, custodians, investment advisors, auditors, and attorneys—is to be found in Ireland with respect to the Thema Complaint and in Luxembourg with respect to the Herald and Primeo Complaints—if not elsewhere in Europe." Moreover, "[m]ost of the potential witnesses are also located abroad," and "[m]any of the potential witnesses are not subject to process from this Court, including Sonja Kohn, who is the most prominently featured individual Defendant described in the Complaints." Finally, the district court noted that "[t]here may also be a concern that Plaintiffs, if successful here, might obtain a class judgment that could not readily be enforced abroad against the foreign Defendants."

25

Additionally, courts consider the following public interest factors: "(1) having local disputes settled locally; (2) avoiding problems of applying foreign law; and (3) avoiding burdening jurors with cases that have no impact on their community." *Capital Currency Exch., N.V. v. Nat'l Westminster Bank PLC*, 155 F.3d 603, 609 (2d Cir. 1998). Here, the district court found that, "[w]hile this action is peripherally related to New York through Madoff, his involvement alone does not give New York a substantial interest in this litigation. . . . By contrast, Ireland and Luxembourg, respectively, as evidenced in part by the related proceedings in progress there, have an undeniably significant interest in policing conduct within their borders by Defendants, which are mostly investment funds and financial institutions organized and regulated under their laws." Additionally, the court noted that "the public interest factors often favor dismissal where there is . . . parallel litigation arising out of the same or similar facts already pending in the foreign jurisdiction."

Because it is clear that the district court "carefully considered the factors set forth in *Gilbert*," and because we agree with the district court's analysis, "we cannot say that it abused its discretion in dismissing [these actions] on the

26

ground of forum non conveniens." *Allstate Life Ins. Co. v. Linter Grp. Ltd.*, 994 F.2d 996, 1001 (2d Cir. 1993). Although appellants contend that the district court erred because the cost and inconvenience of having these actions proceed separately in Ireland and Luxembourg weighs against dismissal, where related cases are already pending in the courts of Ireland and Luxembourg the choice here is not between one forum or two, but rather between two fora and three, which would surely be more inconvenient to the defendants and witnesses. In light of this consideration, and in light of the fact that the vast majority of witnesses and documents are located in Europe and may not be subject to compulsory process in New York, the district court correctly found that the private factors pointed toward dismissal. *See Capital Currency*, 155 F.3d at 611 (affirming *forum non conveniens* dismissal where "most of the witnesses in this case reside in England, and the cost of transporting these witnesses to New York could be enormous[, and] . . . most of the documentary evidence in the case was created, and is stored, in England"). As to the public factors, the district court correctly found that, unlike Ireland's and Luxembourg's regulatory interests in this suit, New York and the United States have little interest in adjudicating a dispute involving

27

foreign plaintiffs suing predominantly foreign defendants over conduct occurring outside the U.S. related to a foreign investment fund, over which the United States has no regulatory authority.

Because the district court properly analyzed each element of the *forum non conveniens* test, we find that the district court properly granted the defendants' motion for dismissal on the basis of *forum non conveniens*.

We turn finally to the district court's refusal to approve the settlement between the Thema investor class and the HSBC defendants. Federal Rule of Civil Procedure 23(e) requires approval by the district court of any settlement dismissing any portion of the class's claims. If such a settlement would bind absent class members, the district court may approve the settlement only upon a finding that the settlement "is fair, reasonable, and adequate." Fed. R. Civ. P. 23(e)(2). We review a district court's decision to deny "a proposed settlement of a class action for abuse of discretion." *Joel A. v. Giuliani*, 218 F.3d 132, 139 (2d Cir. 2000). In conducting such a review, "[t]he trial judge's views are accorded 'great weight . . . because he is exposed to the litigants, and their strategies, positions

28

and proofs.'" *Id.* (quoting *City of Detroit v. Grinnell Corp.*, 495 F.2d 448, 454 (2d Cir. 1974)) (alteration in original).

As discussed above, in April 2011, Davis, on behalf of the proposed class of Thema shareholders, reached an agreement purporting to settle the class's claims against various HSBC entities in exchange for a $62.5 million cash payout, among other terms and conditions. Of particular relevance, the final settlement agreement was conditioned upon the parties' seeking and receiving from the Irish High Court recognition and enforcement of the U.S. class settlement, which implied a proportional reduction in any damages award obtained by Thema in its own suit against its custodian, HSBC Institutional Trust Services (Ireland) Ltd., based on the proportion of shareholders who did not opt out of the class settlement. Further, the district court rejected the settlement because it included a $10 million set-aside to be used for related litigation in Ireland (a possible end-run around Ireland's loser-pays system), an unsupported € 30,000 service award for the lead plaintiff, and a clause potentially assigning the rights of all class members in future litigation to Davis. We hold that the district court did not abuse its discretion in denying the original settlement.

29

After the district court denied preliminary approval of the settlement in September 2011, Davis and the HSBC defendants revised the settlement agreement and, immediately before the district court issued its opinion on the defendants' motions to dismiss in November 2011, sought to make a renewed motion for preliminary approval of the amended settlement. In its opinion dismissing the action, the district court temporarily stayed the dismissal of Davis's claims against the HSBC defendants to allow the parties to comment on whether the court should rule on the HSBC defendants' motion to dismiss or hold a preliminary settlement hearing.

On December 8, 2011, the district court lifted the stay, refused to consider the amended settlement agreement, and dismissed Davis's claims against the HSBC defendants. We see no abuse of discretion in this decision. As the district court noted, approval of the amended settlement would be "irreconcilable with the Court's *forum non conveniens* decision," as "[t]he proper forum for this case is not the Southern District of New York but is Ireland, where dozens of related cases are currently pending." Accepting that determination and in light of the fact that the district court had not yet certified a class, this case is readily

30

distinguishable from other situations in which district courts were found to have abused their discretion by ruling on a dispositive motion before addressing the parties' proposed settlement. *Cf. In re Syncor ERISA Litig.*, 516 F.3d 1095, 1097 (9th Cir. 2008) (finding, with a certified class in place, refusal to hold a preliminary approval hearing before ruling on the defendants' motion for summary judgment to be an abuse of discretion). Similarly, as the district court also recognized, the fact that the settlement was contingent upon the enforcement of the settlement in Ireland "supports the Court's conclusion that the entire case should be litigated in the same forum—namely, the Irish High Court." Thus, we find that the district court correctly found that "it would be virtually impossible to conclude upon these facts that a U.S. class action 'is superior to other available methods for fairly and efficiently adjudicating the controversy.'" For this reason and based on the numerous other infirmities that could have precluded approval of the settlement in any case (as recognized by the district court in its careful analysis of the settlement's terms), we find that the district court did not abuse its discretion in rejecting the settlement and refusing to stay the dismissal of Davis's claims against the HSBC defendants.

We have considered the appellants' remaining arguments and find them to be without merit. For the reasons stated herein, the judgment of the district court is **AFFIRMED**.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK.