**John THOMPSON, Plaintiff–Appellant,**

**v.**

**Victor MALDONADO, Defendant– Appellee.**

**Docket No. 01–0150.**

United States Court of Appeals, Second Circuit.

Submitted: Oct. 23, 2002.

Decided: Oct. 25, 2002.

John Thompson, pro se, # 00–R–6978, Rome, NY, Plaintiff-Appellant.[1]

Before WINTER, McLAUGHLIN, and CABRANES, Circuit Judges.

PER CURIAM.

I.

Plaintiff-appellant John Thompson, an incarcerated person proceeding *pro* se and *in forma pauperis,* appeals from the judgment of the United States District Court for the Southern District of New York (Charles L. Brieant, Jr., *Judge*), entered April 6, 2001, dismissing this complaint *sua sponte* and without prejudice. The District Court dismissed Thompson's complaint for failure to serve process pursuant to Federal Rule of Civil Procedure 4(m) ("Rule 4(m)") which authorizes a District Court to dismiss a complaint without prejudice if it is not served upon the defendant within 120 days of filing.

On November 27, 2000, Thompson filed a complaint alleging that the defendant-appellee, Victor Maldonado, a correctional officer, violated his Eighth Amendment right to be free from cruel and unusual punishment by using excessive force against him and subsequently failing to

---

1. Counsel for the State of New York has declined to appear or file a brief, stating:

   The purported defendant in the suit is 'Maldonado, C.O. 1668.' It is not clear from the docket sheet whether Maldonado is a New York State or instead a New York City correctional officer, however the latter appears more likely, as the docket sheet reflects that at the time the plaintiff filed the complaint, he was incarcerated at a City correctional facility.... Maldonado was not served with the complaint, and this Office is without authority to waive such service. Nor has Maldonado made any request for this Office to represent him .... [W]e are unable to appear as counsel to a party on

appeal at this time, and therefore respectfully decline to file an appellee's brief.

Letter from Assistant Solicitor General David Lawrence III to Deputy Clerk Nadege Richards of 08/20/02, at 1. Lawrence "subsequently went to the Court to view the record on appeal, and confirmed that the defendant was a City correctional officer ... The office that serves as counsel to New York City officers ... is the Corporation Counsel of the City of New York, not this office." Assistant Solicitor General David Lawrence III to Chief Deputy Clerk Fernando Galindo of 10/30/02, at 2 (cc'd to Leonard Koerner, Esq., Office of the Corporation Counsel for the City of New York.)

attend to his medical needs in a timely fashion. The case was referred to Magistrate Judge George A. Yanthis and subsequently transferred to Magistrate Judge Lisa M. Smith.

In proceedings before Magistrate Judge Smith, the United States Marshals Service ("USMS") indicated that it did not effect service upon Maldonado because Thompson did not provide it with a completed USMS Form 285.[2] Based upon this evidence, Magistrate Judge Smith found that Thompson had not effected service on Maldonado within the 120–day period provided by Rule 4(m). In a memorandum dated April 4, 2001, Magistrate Judge Smith recommended to the District Court that Thompson's complaint be dismissed without prejudice for failure to serve process.[3] Magistrate Judge Smith's memorandum was not entered on the District Court's docket sheet, and the record does not reflect whether a copy of the memorandum was ever sent to Thompson.

On April 5, 2001, the District Court dismissed Thompson's complaint *sua sponte,* and without prejudice, for failure to comply with Rule 4(m). On April 20, 2001, Thompson timely filed a notice of appeal challenging the District Court's *sua sponte* dismissal.

## II.

Rule 4(m) states in relevant part:

If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or *on its own initiative after notice to the plaintiff,* shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that *if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period.*

Fed.R.Civ.P. 4(m) (emphasis added). On appeal, Thompson argues that the District Court erred when it dismissed his complaint *sua sponte* because he was not given prior notice of the Court's intent to dismiss. He contends that, if he had been given the opportunity, he could have shown good cause for his failure to serve and therefore be entitled to an extension of time under Rule 4(m). Thompson alleges that his ability to serve process was thwarted by correctional officers who worked in the prison's mailroom.

In support of this contention, Thompson alleges that the correctional officers working in the mailroom removed documents sent to him by the Clerk's Office, including USMS Form 285, in order to frustrate this action. He supports this allegation by asserting that the envelopes he received were partially opened and re-taped closed.

The record does not indicate that Thompson received notice of the possibility that his complaint could or would be dismissed *sua sponte* or that he was afforded an opportunity to present to the District

---

**2.** *In forma pauperis* plaintiffs are entitled to use the USMS to effect service. *See* Fed. R.Civ.P. 4(c)(2)(B)(i); *Romandette v. Weetabix Co., Inc.,* 807 F.2d 309, 311 (2d Cir.1986) (reversing dismissal for failure to serve process when the USMS failed to effect timely personal service through no fault of the plaintiff). The Clerk of the District Court ("Clerk's Office") ordinarily provides this form to indigent plaintiffs upon the filing of a complaint. If properly filled out and returned, the form instructs the USMS to serve process on the defendant.

**3.** Magistrate Judge Smith decided not to file an official report and recommendation, stating: "I recognize that it is more efficient for you to prepare such orders without the time delay attendant to [Reports & Recommendations] .... Under these circumstances, I will close my files and return the court files to the Clerk's Office." Mag. J. Smith Mem. of 04/04/01, 1.

Court his mail-tampering allegation as the reason for the delay in service beyond the 120–day period permitted in Rule 4(m).

■ Although we have not previously determined the standard of review applicable to Rule 4(m) dismissals for failure to serve process, we join our sister circuits in reviewing such dismissals for abuse of discretion. *See, e.g., Boley v. Kaymark,* 123 F.3d 756, 758 (3d Cir.1997); *United States for Use and Benefit of DeLoss v. Kenner Gen. Contractors, Inc.,* 764 F.2d 707, 710 (9th Cir.1985); *Edwards v. Edwards,* 754 F.2d 298 (8th Cir.1985).[4]

■ As indicated by the plain language of Rule 4(m), notice to the plaintiff must be given prior to a *sua sponte* dismissal. *See,* Fed.R.Civ.P. 4(m) (stating if plaintiff fails to serve within the 120–day period, "the court ... *after notice to the plaintiff,* shall dismiss the action without prejudice as to that defendant ....") (emphasis added); *see also* 128 Cong. Rec. H9848, H9850, H9852 (daily ed. Dec. 15, 1982) (statement by Rep. Edwards), *reprinted in* 96 F.R.D. 116, 119, 122, and in 1982 U.S.C.C.A.N. 4434, 4441–46 (section-by-section analysis of Rule 4 by Rep. Edwards) ("If dismissal for failure to serve is raised by the court on its own motion, the legislation requires that the court provide notice to the plaintiff .... The plaintiff must be notified of an effort or intention to dismiss the action.").

If Thompson had been given notice, he could have presented his mail-tampering allegation to the District Court, and if the Court had found that the alleged mail-tampering provided good cause for his failure to serve process, Rule 4(m) would have required an extension of time for service. Because Thompson was not given prior notice and was, therefore, precluded from

attempting to show good cause for his failure to serve process within the 120–day period, the District Court's dismissal violated Fed.R.Civ.P. 4(m). *See generally Zervos v. Verizon New York, Inc.,* 252 F.3d 163, 169 (2d Cir.2001) (holding that a district court abuses or exceeds the discretion accorded to it when its decision rests on an error of law).

## III.

For the reasons stated above, the judgment of the District Court dismissing the plaintiff's complaint without prejudice is hereby VACATED and the cause is REMANDED with instructions to conduct further proceedings consistent with this opinion, including a determination of whether plaintiff had good cause for his failure to serve process within the 120 days provided by Rule 4(m).

---

**4.** At the time that *United States for Use and Benefit of DeLoss* and *Edwards* were decided, the language currently set forth in Rule 4(m) was found in Rule 4(j).