Lynne ROSE, Plaintiff–Appellant,

v.

Jim ZILLIOUX, et al., Defendants–
Appellees.

No. 02–9417.

United States Court of Appeals,
Second Circuit.

Dec. 2, 2003.

---

A.J. Bosman, Utica, NY, for Appellant.

Evelyn M. Tenenbaum, Assistant Solicitor General, Albany, NY, for Appellee.

Present: POOLER, B.D. PARKER, and WESLEY, Circuit Judges.

## SUMMARY ORDER

Lynne Rose, an anonymous minor, appeals from a judgment dismissing, pursuant to Federal Rule of Civil Procedure 56, her Section 1983 and state law claims against Jim Zillioux, the New York State Thruway Authority, the New York State Canal Corporation, and at least four Canal Corporation employees.

Familiarity is assumed as to the procedural context and the specifications of appellate issues. Jim Zillioux was employed as a Canal Structure Operator by the New York State Canal Corporation. Lynne Rose lived near the lock where Zillioux was employed and visited the lock on a regular basis. During the course of those visits, Rose and Zillioux developed a relationship and during the summer of 1997, Zillioux offered Rose an unofficial job at the lock, suggesting that he might pay her out of his own pocket. While some testimony suggests that Zillioux's supervisors knew that Rose was working at the lock, the bulk of the testimony, including that of Rose herself, indicates that nobody other than Zillioux knew that Rose was working.

On one occasion in 1996, and on a regular basis during the summer of 1997, Zillioux sexually abused Rose. These incidents usually took place in the lockhouse where Zillioux worked alone and were never witnessed. On September 13, 1997, Rose's mother found a note that Rose had written to Zillioux asking him to stop molesting her. The police were called and Zillioux was arrested on the same day. As soon as Zillioux's supervisors learned that he had been arrested he was suspended without pay, pending the resolution of his criminal case. Eventually, Zillioux pleaded guilty to sexual abuse in the second degree and was sentenced to three-years probation. On July 17, 1998, Zillioux signed a settlement agreement with his employer, which allowed him to offer his resignation instead of going through the formal firing process.

On December 8, 1998, Rose, proceeding *in forma pauperis*, brought a Section 1983 civil rights action in the district court, alleging that Zillioux, his supervisors and the Canal Corporation violated her rights by allowing her to work at the lock and by allowing her to be sexually assaulted. Zillioux was served with the complaint and chose not to answer it. On October 27, 1999, the clerk entered a default against Zillioux at Rose's request. However, when Rose moved to have a default judgment entered against Zillioux, the district court refused, explaining that she had not alleged adequate facts to support the conclusion that Zillioux was a state actor, and gave her 20 days to amend her complaint.

On August 1, 2000, Rose filed an amended complaint that asserted eleven causes of action, including Section 1983 claims for violations of the First, Fourth, Ninth and Fourteenth Amendments, violations of the Fair Labor Standards Act, violations of the New York labor laws, and state law claims for assault, battery, defamation and negligence. All of the parties were properly served, except for Zillioux, who had moved and could not be found by the U.S. Marshals. On December 27, 2001, after finding that Zillioux was not acting under color of law, the district court granted the motion for summary judgment brought by the defendants other than Zillioux and dismissed all of the claims against them. In addition, the district court dismissed the claims against Zillioux without prejudice because he had not been served with the amended complaint.

■ We agree with the district court's determination that Zillioux was not acting under color of state law, given that Zillioux did not "exercise[ ] power possessed by virtue of state law and made possible only because the wrongdoer is clothedwith the authority of state law." *West v. Atkins,* 487 U.S. 42, 49, 108 S.Ct. 2250, 101 L.Ed.2d 40 (1988) (internal quotations and citations omitted). As a result, in order to hold Zillioux's supervisors liable, Rose must satisfy the special relationship test announced by the Supreme Court in *DeShaney v. Winnebago County Dep't of Soc. Servs.,* 489 U.S. 189, 109 S.Ct. 998, 103 L.Ed.2d 249 (1989). We agree with the district court that Rose has failed to allege any facts that would suggest such a special relationship. Furthermore, we agree with the district court that the evidence does not support Rose's claim that a municipal policy or custom was the cause of her injuries. Thus, we conclude that summary judgment is appropriate for all of Rose's claims against the defendants other than Zillioux individually and affirm the judgment of the district court as it relates to the defendants other than Zillioux. However, the district court's sua sponte dismissal of Rose's claims against Zillioux was improper because Rose was not provided with proper notice. *Thompson v. Maldonado,* 309 F.3d 107, 110 (2d Cir.2002). Thus, to the extent that it dismisses Rose's claims against Zillioux for failure to serve, the district court's judgment is vacated and remanded.