**Rondell O. SCOTT, Plaintiff–Appellant,**

v.

**Sargeant DUGLIS and the City of New York Department of Corrections, Defendants–Appellees.**

**No. 05–0927–PR.**

United States Court of Appeals, Second Circuit.

Oct. 24, 2005.

Rondell O. Scott, Pine City, New York, for Plaintiff–Appellant, pro se.

Francis F. Caputo, City of New York Law Department (Michael A. Cardozo, Corporation Counsel of the City of New York, on the brief), New York, NY, for Defendants–Appellees.

Present: OAKES, JACOBS, and SACK, Circuit Judges.

### SUMMARY ORDER

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court be **AFFIRMED.**

Plaintiff-appellant Rondell O. Scott ("Scott") appeals from a judgment entered on December 16, 2004 in the United States District Court for the Southern District of New York (Marrero, *J.*) dismissing Scott's 42 U.S.C. § 1983 action for want of prosecution. Familiarity is assumed as to the facts, the procedural context, and the specification of appellate issues.

This Court assesses a dismissal for failure to prosecute in light of the record as a whole. *See Peart v. New York,* 992 F.2d 458, 461 (2d Cir.1993). We review for abuse of discretion a district court's dismissal of a complaint either for failure to prosecute or for failure to serve process. *See Minnette v. Time Warner,* 997 F.2d 1023, 1027 (2d Cir.1993) (Rule 41(b), Fed. R.Civ.P.); *Thompson v. Maldonado,* 309 F.3d 107, 110 (2d Cir.2002) (Rule 4(m), Fed.R.Civ.P.).

Having reviewed the district court's dismissal in light of the record as a whole, it is plain that the district court properly dismissed this complaint for failure to effect service under Rule 4(m), Fed.R.Civ.P. Scott filed his complaint on October 1, 2003. On November 14, 2003, he was notified that service of process had to be effected within 120 days of the filing of his

complaint. On December 19, 2003, Scott's summons addressed to defendant Sargeant Dulis was returned to the district court unexecuted. On March 24, 2004, the district court granted Scott's request for an extension to effect service upon Dulis until July 23, 2004. On November 16, 2004, the district court ordered Scott to inform the court, by no later than November 22, 2004, of "the status and contemplation with regard to further prosecution of this action," and put him on notice that, if no timely response were received, the court would dismiss his case. On November 29, 2004, no answer having been received from Scott, the district court ordered the Clerk of the Court to enter judgment dismissing the action and to close the case. Judgment was entered on December 16, 2004.

Accordingly, given the more than adequate notice provided to Scott, the district court did not abuse its discretion in dismissing Scott's complaint. *See Thompson v. Maldonado,* 309 F.3d 107, 110 (2d Cir. 2002) (*per curiam*); Rule 4(m), Fed. R.Civ.P.

For the foregoing reasons, the judgment of the district court is hereby **AFFIRMED**.