FILED

**NOT FOR PUBLICATION**

JUN 23 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

AARON RAISER,

               Plaintiff - Appellant,

   v.

CALIFORNIA HIGHWAY PATROL;
DOE 1,

             Defendants - Appellees.

No. 14-56805

D.C. No. 5:13-cv-01995-RGK-RZ

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
R. Gary Klausner, District Judge, Presiding

Submitted June 14, 2016[**]

Before:     BEA, WATFORD, and FRIEDLAND, Circuit Judges.

    Aaron Raiser appeals pro se from the district court's judgment dismissing

his 42 U.S.C. § 1983 action alleging constitutional violations arising out of a stop

performed by an unknown California Highway Patrol officer.  We have

---

    [*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

    [**]    The panel unanimously concludes this case is suitable for decision
without oral argument and denies Raiser's request for oral argument, set forth in
his opening and reply briefs.  *See* Fed. R. App. P. 34(a)(2).

jurisdiction under 28 U.S.C. § 1291. We review for an abuse of discretion the district court's dismissal of an action for failure to serve, *Thompson v. Maldonado*, 309 F.3d 107, 110 (9th Cir. 2002), and de novo a district court's dismissal for failure to state a claim, *Stone v. Travelers Corp.*, 58 F.3d 434, 436-37 (9th Cir. 1995). We affirm.

The district court did not abuse its discretion in dismissing without prejudice Raiser's claims against defendant Doe because Raiser failed properly to identify and serve a summons and complaint on Doe after being given notice that his failure to do so would result in dismissal of his claims. *See* Fed. R. Civ. P. 4(m) (district court may dismiss a claim for failure to effect timely service after providing notice, and absent a showing of good cause for failure to serve).

The district court properly dismissed Raiser's claim for injunctive relief against defendant Farrow because Raiser's allegation that he was likely to be subjected to future constitutional violations was too speculative. *See City of Los Angeles v. Lyons*, 461 U.S. 95, 108 (1983) ("[T]o establish an actual controversy," the plaintiff was required to "allege that he would have another encounter with the police," and "either, (1) that all police officers in [the City] always [engage in the same, specific unlawful conduct against] any citizen with whom they happen to have an encounter, whether for the purpose of arrest, issuing a citation or for

questioning or, (2) that the City ordered or authorized police officers to act in such manner.")).

The district court did not abuse its discretion by dismissing Raiser's claims without leave to amend because further amendment would have been futile. *See Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1041 (9th Cir. 2011) (setting forth standard of review and explaining that dismissal without leave to amend is proper when amendment would be futile).

We reject as without merit Raiser's contentions that the district court erred by failing to hold a scheduling conference and did not provide sufficient time to conduct discovery.

Raiser's motion to augment the record, filed on September 21, 2015, is denied.

**AFFIRMED.**

14-56805