**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ARMANDO ANTONIO MARROQUIN, | No. 15-16352 |
| Plaintiff-Appellant, | D.C. No. 2:13-cv-01761-DGC |
| v. | |
| YOLANDA FERNANDEZ-CARR, Education Principal at La Palma Correctional Center; et al., | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Arizona
David G. Campbell, District Judge, Presiding

Submitted November 16, 2016[**]

Before: LEAVY, BERZON, and MURGUIA, Circuit Judges.

California state prisoner Armando Antonio Marroquin appeals pro se from

the district court's summary judgment and dismissal order in his 42 U.S.C. § 1983

action alleging deliberate indifference, retaliation, and denial of access to courts.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Williams v. Paramo*, 775 F.3d 1182, 1191 (9th Cir. 2015) (failure to exhaust administrative remedies); *Thompson v. Paul*, 547 F.3d 1055, 1058-59 (9th Cir. 2008) (dismissal under Fed. R. Civ. P. 12(b)(6)). We affirm.

The district court properly dismissed Marroquin's deliberate indifference and retaliation claims against defendants Ward and Hudson because those claims are barred by the statute of limitations and Marroquin failed to plead facts demonstrating that any tolling should apply. *See* Ariz. Rev. Stat. § 12-542 (two-year statute of limitations for personal injury actions); *Jones v. Blanas*, 393 F.3d 918, 927 (9th Cir. 2004) (forum state's personal injury statute of limitations and tolling laws apply to § 1983 actions).

The district court properly granted summary judgment on Marroquin's access-to-courts claim against defendants Fereandez-Carr and Prince because Marroquin did not properly exhaust all steps of the grievance process, and he did not show that administrative remedies were effectively unavailable to him. *See Woodford v. Ngo*, 548 U.S. 81, 90 (2006) ("Proper exhaustion [of administrative remedies] demands compliance with an agency's deadlines and other critical procedural rules[.]"); *Sapp v. Kimbrell*, 623 F.3d 813, 823-24, 826-27 (9th Cir. 2010) (describing limited circumstances where improper screening renders

administrative remedies unavailable or where exhaustion might otherwise be excused).

The district court did not abuse its discretion in dismissing without prejudice Marroquin's claim against defendant Wilkinson because Marroquin did not serve Wilkinson or demonstrate that the U.S. Marshal failed to perform her duties. *See* Fed. R. Civ. P. 4(m) (district court may dismiss a claim for failure to effect timely service after providing notice, and absent a showing of good cause for failure to serve); *Thompson v. Maldonado*, 309 F.3d 107, 110 (9th Cir. 2002) (standard of review); *Walker v. Sumner*, 14 F.3d 1415, 1422 (9th Cir. 1994) (an incarcerated pro se plaintiff proceeding in forma pauperis may rely on U.S. Marshal for service of the summons and complaint, but must provide sufficient information to allow the marshal to serve the defendant), *abrogated in part on other grounds by Sandin v. Conner*, 515 U.S. 472 (1995).

The district court did not abuse its discretion in denying Marroquin's motion to appoint counsel because Marroquin did not demonstrate exceptional circumstances. *See Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991) (setting forth standard of review and requirements for appointment of counsel).

We reject as unsupported Marroquin's contentions regarding the district court's failure to provide him with an opportunity to obtain evidence, failure to

send him requested forms, failure to rule on motions, and treatment of his Rule 59 motion, or regarding judicial bias and discovery.

**AFFIRMED.**