**NOT FOR PUBLICATION**
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

**FILED**

OCT 4 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| AARON RAISER, | No. 15-55048 |
| Plaintiff-Appellant, | D.C. No. 2:13-cv-05312-RGK-RZ |
| v. | |
| LOS ANGELES COUNTY SHERIFF, | MEMORANDUM* |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Central District of California
R. Gary Klausner, District Judge, Presiding

Submitted September 21, 2017**

Before:     SCHROEDER, HAWKINS, and N.R. SMITH, Circuit Judges.

Aaron Raiser appeals pro se from the district court's summary judgment in

his 42 U.S.C. § 1983 action alleging, among other claims, a claim under *Monell v.*

*Department of Social Services*, 436 U.S. 658 (1978).  We have jurisdiction under

28 U.S.C. § 1291.  We review de novo.  *Doe v. Abbott Labs*., 571 F.3d 930, 933

---

\*       This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*       The panel unanimously concludes these cases are suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

(9th Cir. 2009). We affirm.

The district court properly granted summary judgment because Raiser failed to raise a genuine dispute of material fact as to whether any constitutional deprivation resulted from an official policy, practice, or custom. *See Ellins v. City of Sierra Madre*, 710 F.3d 1049, 1066 (9th Cir. 2013) ("[M]unicipalities are subject to damages under § 1983 in three situations: when the plaintiff was injured pursuant to an expressly adopted official policy, a long-standing practice or custom, or the decision of a 'final policymaker.'").

The district court did not abuse its discretion in dismissing without prejudice Raiser's claims against the Doe defendants because Raiser failed properly to identify and serve a summons and complaint on these defendants after being given notice that his failure to do so would result in dismissal of his claims. *See* Fed. R. Civ. P. 4(m) (district court may dismiss a claim for failure to effect timely service after providing notice, and absent a showing of good cause for failure to serve); *see also Thompson v. Maldonado*, 309 F.3d 107, 110 (9th Cir. 2002) (setting forth standard of review).

The district court did not abuse its discretion in denying Raiser's discovery motions before ruling on summary judgment because Raiser failed to carry his burden to "proffer sufficient facts to show that the evidence sought exists, and that it would prevent summary judgment." *Chance v. Pac-Tel Teletrac Inc.*, 242 F.3d

15-55048

1151, 1161 n.6 (9th Cir. 2001); *see also Tatum v. City & County of San Francisco*, 441 F.3d 1090, 1100 (9th Cir. 2006) (setting forth standard of review and explaining that movant must show specific facts he hopes to discover and how these facts would preclude summary judgment).

The district court did not abuse its discretion in denying Raiser's motion to recuse the magistrate judge because Raiser did not establish that the magistrate judge's impartiality might reasonably be questioned. *See Jorgensen v. Cassiday*, 320 F.3d 906, 911 (9th Cir. 2003) (setting forth standard of review); *United States v. Hernandez*, 109 F.3d 1450, 1453-34 (9th Cir. 1997) (substantive standard for evaluating recusal motions).

We reject as without merit Raiser's contentions that the district court erred by failing to hold a scheduling conference and that the local rules are unconstitutional.

**AFFIRMED.**

15-55048