**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 17-3456
_____

JAY L. THOMAS,
                                              Appellant

v.

COMMISSIONER SOCIAL SECURITY
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.N.J.. No. 2-16-cv-03392)
District Judge: Honorable Claire C. Cecchi
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
February 9, 2018

Before:  VANASKIE, COWEN and NYGAARD, <u>Circuit</u> <u>Judges</u>

(Opinion filed: February 9, 2018)
_____

OPINION*
_____

PER CURIAM

        Jay L. Thomas appeals from an order of the District Court dismissing his amended

complaint without prejudice.  For the reasons that follow, we will vacate that order and

the order which preceded it and remand for further proceedings.

On June 10, 2016, Thomas filed a complaint pro se in the United States District Court for the District of New Jersey against the Commissioner of Social Security pursuant to 42 U.S.C. § 405(g) ("Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced . . . in the district court of the United States for the judicial district in which the plaintiff resides."). On June 15, 2016, the District Court granted Thomas's application to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a)(1) and directed the Clerk of the District Court to file the complaint without prepayment of filing fees. The order did not direct the Clerk of Court to provide Thomas with United States Marshals Service ("USMS") Form 285 for service upon the Commissioner nor instruct Thomas to provide the Marshals Service with a copy of his complaint, a waiver of service form, and a properly filled-out USMS Form 285. A Summons was issued but the Marshals Service was not directed to serve the Summons on the Commissioner (or the United States Attorney), and, in fact, service was not effectuated. Thereafter, on July 7, 2016, Thomas filed an item which was treated as an amended complaint (but which was more in the nature of a supplement to his original complaint). Service of this amended complaint was never effectuated either.

On November 2, 2016, the Clerk of the District Court issued a Notice of Call for Dismissal pursuant to the local civil rules, explaining that, unless Thomas could demonstrate good cause, the matter would be dismissed for lack of prosecution. Thomas filed various responses to the Clerk's order between January and August 2017. In an

order filed on the civil docket on August 23, 2017, the District Court granted Thomas 60 days to either: (1) file a second amended complaint; or (2) request that the Court dismiss the case without prejudice. The Court advised Thomas that he had not proven that he had properly served the Commissioner within 90 days of the summons being issued, and warned him that the action could be dismissed under Fed. R. Civ. P. 4(m) if he did not effectuate service. The Court explained that, if Thomas chose to file a second amended complaint, he would have to serve the second amended complaint on the defendant within 90 days and file proof of service on the docket.

Subsequently, on September 29, 2017, Thomas requested that the Court dismiss his civil action without prejudice, see Docket Entry No. 16. In an order entered on October 17, 2017, the District Court dismissed Thomas's complaint without prejudice.

Thomas filed a timely notice of appeal, seeking review of the August 23, 2017 order, in which the District Court gave him the "option" either to proceed with his civil action or discontinue it without prejudice. We have jurisdiction under 28 U.S.C. § 1291.[1]

We will vacate the District Court's order dismissing Thomas's amended complaint without prejudice and the August 23, 2017 order which preceded it and remand the matter for further proceedings. In his Informal Brief, Thomas contends that the District

---

[1] Barring exceptions that do not apply to this case, the jurisdiction of federal courts of appeal is limited to review of "final decisions of the district courts of the United States." 28 U.S.C. § 1291. "[A]n order which dismisses a complaint without prejudice is neither final nor appealable because the deficiency may be corrected by the plaintiff without affecting the cause of action." Borelli v. City of Reading, 532 F.2d 950, 951 (3d Cir. 1976) (per curiam). "Only if the plaintiff cannot amend or declares his intention to stand on his complaint does the order become final and appealable." Id. at 951-52. We conclude that the order dismissing the amended complaint without prejudice is final and appealable under the circumstances presented here.

Court erred in requiring him to effectuate service or suffer a dismissal without prejudice. Appellant's Informal Brief, at 5-6. The Commissioner does not disagree. Generally, the "plaintiff is responsible for having the summons and complaint served within the time allowed by Rule 4(m)." Fed. R. Civ. P. 4(c)(1). But, pursuant to Rule 4(c)(3) of the Federal Rules of Civil Procedure, when a plaintiff is authorized to proceed in forma pauperis under 28 U.S.C. § 1915, the District Court must order that service "be made by a United States marshal or deputy marshal or by a person specially appointed by the court." Fed. R. Civ. P. 4(c)(3).

Here, because Thomas was granted in forma pauperis status under 28 U.S.C. § 1915, the District Court erred in advising him that, if he chose to file a second amended complaint, he would have to serve it on the defendant within 90 days and file proof of service on the docket. Although ultimately Thomas requested dismissal without prejudice, his choice to accept dismissal without prejudice was not an informed one, due to the Court's error. The matter is thus properly remanded to the District Court to permit service by the Marshals Service pursuant to Fed. R. Civ. P. 4(c)(3). See Thompson v. Maldonado, 309 F.3d 107, 109 n.2 (2d Cir. 2002) (stating that the "Clerk of the District Court . . . ordinarily provides this form to indigent plaintiffs upon the filing of a complaint. If properly filled out and returned, the form instructs the [Marshals Service] to serve process on the defendant."); see also Welch v. Folsom, 925 F.2d 666, 670 (3d Cir. 1991) (recognizing that plaintiffs proceeding in forma pauperis are entitled to rely upon service by the U.S. Marshal).

4

For the foregoing reasons, we will vacate the order dismissing the amended complaint without prejudice and the order which proceeded it and remand for further proceedings.