**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 20-7532**

DOUGLAS R. VAUGHN,

       Plaintiff - Appellant,

   v.

DEPUTY PEREA; DEPUTY DENTON,

       Defendants - Appellees.

Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria. Leonie M. Brinkema, District Judge. (1:19-cv-00564-LMB-TCB)

Submitted: September 30, 2021           Decided: December 13, 2021

Before THACKER, RICHARDSON, and QUATTLEBAUM, Circuit Judges.

Affirmed in part, reversed in part, vacated in part, and remanded by unpublished per curiam opinion.

Douglas R. Vaughn, Appellant Pro Se. Alexander Francuzenko, COOK CRAIG & FRANCUZENKO, PLLC, Fairfax, Virginia, for Appellees.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Douglas R. Vaughn appeals the district court's order dismissing Vaughn's 42 U.S.C. § 1983 complaint against Defendant Deputy Justin Denton and a subsequent order denying reconsideration and sua sponte dismissing Vaughn's complaint without prejudice for failing to properly serve Defendant Deputy Ronald Perea.[1] As to Denton, we affirm in part and reverse in part. As to Perea, we vacate and remand.

I

These are the facts alleged in Vaughn's *pro se* complaint, which we must credit as true. *See Houck v. Substitute Tr. Servs.*, 791 F.3d 473, 484 (4th Cir. 2015). On the evening of October 17, 2019, Denton and Perea served Vaughn a warrant at his mother's home. After the officers roused Vaughn, who had been asleep and was groggy because of medication, Vaughn prepared to leave. As he was readying himself, Vaughn informed the officers that (1) he had been served that same warrant on October 12, 2019, and (2) he had back and shoulder injuries. Vaughn then turned his back to the officers to speak to his mother. At this point, Vaughn was given a warning to put his arms behind his back, and then immediately "attacked from behind." Vaughn's complaint goes onto allege that he was "screaming that they are hurting me and they still continued to rip my arm behind my back." He also notes that "I don't know which officer attacked me, but at one point I think they were both on me." Vaughn accuses Denton and Perea of two actions violating his

---

[1] In his notice of appeal and informal brief, Vaughn stated that Deputy Ronald Perea's name was misspelled throughout this action as Deputy "Pidea."

constitutional rights: the repeated execution of a warrant and excessive force. The district court dismissed the action against Denton for failure to state a claim, and against Perea for failure of service.[2] We consider these dismissals in turn.

II

The district court granted Denton's motion to dismiss, reasoning that: (1) the service of a facially valid warrant creates a presumption of legality, which Vaughn's complaint could not overcome; and (2) because Vaughn initially failed to name Denton as a perpetrator of the excessive force allegedly used against Vaughn, and because his later pleadings contradicted the complaint, Vaughn failed to state a claim against Denton. As to Vaughn's defective warrant claim, we affirm the district court's dismissal on its reasoning.

But the district court erred in dismissing Vaughn's excessive force claim against Denton. We review the court's dismissal for failure to state a claim de novo. *Mylan Lab'ys, Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "[T]he pleading standard . . . does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* (quoting *Twombly*, 550 U.S. at 555). "The

---

[2] Because Vaughn filed his letter for reconsideration within 28 days after the district court's dismissal order, the motion is properly construed as a Fed. R. Civ. P. 59(e) motion, and the district court's underlying order is therefore properly before this court. *In re Burnley*, 988 F.2d 1, 2-3 (4th Cir. 1993).

plausibility standard is not akin to a 'probability requirement' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556). When adjudging the legal plausibility of a complaint, we take all factual allegations in the complaint as true. *Twombly*, 550 U.S. at 555. "A document filed *pro se* is 'to be liberally construed,' and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers[.]'" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citations omitted) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

We conclude that Vaughn's complaint states a plausible excessive force claim against Denton. The district court focused on language from Vaughn's complaint that he "think[s]" both officers were on top of him at one point; this, the district court concluded, demonstrated that he was merely speculating that both officers were involved. But some amount of uncertainty is commonplace in civil complaints and is not the same as rank speculation. Where a litigant has cause to believe, but lacks concrete evidence of, a particular element of their claim, they often plead it "on information and belief." *See* 5 Fed. Prac. & Proc. (Wright & Miller) § 1224 (4th ed. 2021) (observing that pleading on information and belief enables a lawsuit when a plaintiff "is without direct personal knowledge regarding one or more of the allegations necessary to his claim and therefore must plead on a less certain footing"). What is this if not a lawyerly way of saying "I think"? *See Estelle*, 429 U.S. at 106 (requiring that *pro se* complaints be "held to less stringent standards than formal pleadings drafted by lawyers").

Pleading on information and belief remains permissible, even following *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). Wright & Miller § 1224. The practice "is a desirable and essential expedient when matters that are necessary to complete the statement of a claim are not within the knowledge of the plaintiff but he has sufficient data to justify interposing an allegation on the subject." *Id.* That is exactly the circumstance we have here. Vaughn was the victim of the alleged assault, and therefore has adequate data based on his first-hand experience to reasonably believe (*i.e.*, to "think") that both officers were atop him at some point. This is more than adequate to "raise a right to relief" against Denton "above the speculative level" and "nudge[] [Vaughn's] claim across the line from conceivable to plausible." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007).

The district court also noted Vaughn's purportedly contradictory statements in his response to Denton's motion to dismiss, in which Vaughn unambiguously says that Denton pushed him. But even if a contradictory statement in a memorandum could impact the sufficiency of the complaint, there is not necessarily a contradiction here. The complaint alleges that one officer (whose identity Vaughn does not know) first "attacked" him from behind. But the complaint then recounts how "they" "kept pulling my arms hurting me more." The district court apparently read "they" to refer to the single officer who first attacked Vaughn. But Vaughn could also have been using "they" in its traditional plural sense to refer to both officers. *See They*, MERRIAM-WEBSTER'S COLLEGIATE DICTIONARY ("those ones—used as third person pronoun serving as the plural of *he*, *she*, or *it* or referring to a group of two or more individuals not all of the same sex") (11th ed. 2020). Adopting,

5

as we must, this more liberal construction of Vaughn's *pro se* complaint, his subsequent

definitive statements that Denton assailed him are not contradictory.

In summary, we conclude that while Vaughn has not stated a claim related to the

officers' repeated service of a warrant, he has stated a plausible claim for excessive force

against Denton.

III

The district court also sua sponte dismissed the action against "Deputy Pidea" under

Fed. R. Civ. P. 4(m), finding that Vaughn had failed to timely effect service. We review

such dismissal for abuse of discretion. *Attkisson v. Holder*, 919 F.3d 788, 809 (4th Cir.

2019).

> If a defendant is not served within 90 days after the complaint is filed, the
> court—on motion or on its own after notice to the plaintiff—must dismiss
> the action without prejudice against that defendant or order that service be
> made within a specified time. But if the plaintiff shows good cause for the
> failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m). Under the rule, a district court has two options when service is not

effected within 90 days of filing: (1) dismissal after notice to the plaintiff, or (2) an order

of service within a specified time. But the district court failed to satisfactorily apply either

alternative, and so abused its discretion by dismissing. *See James v. Jacobson*, 6 F.3d 233,

239 (4th Cir. 1993) (holding that a district court abuses its discretion when it acts

"arbitrarily, as if neither by rule nor discretion").

The district court initially appeared to employ the second option available to it under

Rule 4(m), ordering on September 3rd, 2020, "that if service on defendant Pidea through

this Order is unsuccessful *and the defendant is not otherwise served within 90 days of this*

6

*order being entered*, defendant Pidea will be dismissed from the instant action without prejudice." But rather than permit Vaughn 90 days to effect service, the district court dismissed the action just 25 days later on September 28th, following its first unsuccessful service attempt on "Pidea." In cutting plaintiff's service deadline 65 days short without explanation, the district court acted arbitrarily.

Of course, a court need not provide a plaintiff a designated window to effect service; it may instead select the first option provided by Rule 4(m) and dismiss sua sponte "after notice to the plaintiff." But "a district court abuses its discretion when . . . it dismisses a complaint *sua sponte* for lack of service without first giving notice to the plaintiff and providing an opportunity for [him] to show good cause for the failure to effect timely service." *Meilleur v. Strong*, 682 F.3d 56, 61 (2d Cir. 2012); *see Shao v. Link Cargo (Taiwan) Ltd.*, 986 F.2d 700, 708 (4th Cir. 1993) (stating standard of review). Here, the court provided Vaughn no prior notice of the action's imminent dismissal.

To summarize, we conclude that when the effort to serve "Deputy Pidea" proved unsuccessful, the plain language of Rule 4(m) required the district court to either (1) wait the full 90 days before dismissing the complaint or (2) provide notice to Vaughn and offer him an opportunity to show good cause before sua sponte dismissing the complaint. *Thompson v. Maldonado*, 309 F.3d 107, 110 (2d Cir. 2002) (per curiam). It did neither. Thus, we vacate the dismissal as to "Pidea"/Perea and remand for further proceedings.

\* \* \*

In sum, we affirm in part, reverse in part, vacate in part, and remand. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED IN PART;*
*REVERSED IN PART;*
*VACATED IN PART;*
*AND REMANDED*
