23-699-cv
*Moskovits v. Fed. Republic of Brazil et al.*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 26th day of January, two thousand twenty-four.

**PRESENT:**
> **GUIDO CALABRESI,**
> **ALISON J. NATHAN,**
> > *Circuit Judges,*
> **SARALA V. NAGALA,**
> > *District Judge.*[*]

_____

**Alexander Moskovits,**

> *Plaintiff-Appellant,*

> v.                                                          **23-699**

_____

[*] Judge Sarala V. Nagala, of the United States District Court for the District of Connecticut, sitting by designation.

**Federal Republic of Brazil, State of Santa Caterina, Brazil, State of Maranhao, Brazil, State of Mato Grosso, Brazil, Raimundo Colombo, Jorge Siega, Does 1 Through 10, inclusive, Celesc of Santa Catarina, Brazil,**

*Defendants-Appellees.*

_____

| | |
|---|---|
| **FOR PLAINTIFF-APPELLANT:** | Alexander Moskovits, pro se, Paulo Lopez, Santa Catarina, Brazil. |
| **FOR DEFENDANTS-APPELLEES:** | No appearance. |

Appeal from a March 23, 2023 order[1] of the United States District Court for the Southern District of New York (Ramos, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order of the district court is **VACATED** and the matter is **REMANDED**.

Appellant Alexander Moskovits, proceeding *pro se*, appeals from the district court's order dismissing his claims without prejudice under Federal Rule

---

[1] The district court docket shows no entry of a judgment.

2

of Civil Procedure 4(m). We assume the parties' familiarity with the underlying facts and the record of prior proceedings, to which we refer only as necessary to explain our decision.

Moskovits sued Brazil's federal government, various state governments of Brazil, a state-owned utility in Brazil, and individuals located in Brazil (collectively, Defendants), alleging unjust enrichment and quantum meruit. The district court initially dismissed the case for lack of subject matter jurisdiction. While Moskovits's appeal was pending, the district court granted reconsideration of its dismissal and Moskovits withdrew his appeal. In September 2021, the case was reinstated, summonses were issued, and Moskovits was directed to serve the complaint on Defendants.

Eighteen months later, Moskovits, who still had not served Defendants, filed an amended complaint, which added a claim under the Alien Tort Statute, 28 U.S.C. § 1350. Without giving notice to Moskovits, the district court then dismissed the case *sua sponte* pursuant to Federal Rule of Civil Procedure 4(m) for failure to timely serve process, effectively also denying Moskovits leave to amend.

We review a dismissal under Federal Rule of Civil Procedure 4(m) for abuse of discretion. *Zapata v. City of New York*, 502 F.3d 192, 195 (2d Cir. 2007). "A district court abuses its discretion when (1) its decision rests on an error of law or a clearly erroneous factual finding, or (2) its decision cannot be located within the range of permissible decisions." *Buon v. Spindler*, 65 F.4th 64, 74 (2d Cir. 2023) (cleaned up).

We conclude that the district court abused its discretion by dismissing the lawsuit under Rule 4(m) without providing advance notice to Moskovits. Under Rule 4(m), "[i]f a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own *after notice to the plaintiff*— must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m) (emphasis added). "As indicated by the plain language of Rule 4(m), notice to the plaintiff must be given prior to a *sua sponte* dismissal." *Thompson v. Maldonado*, 309 F.3d 107, 110 (2d Cir. 2002) (per curiam).

Here, the district court *sua sponte* dismissed Moskovits's complaint without providing him with prior notice. Moskovits thus had no opportunity

4

to demonstrate good cause for his failure to serve Defendants, which would warrant an extension under Rule 4(m). *See* Fed. R. Civ. P. 4(m) ("[I]f the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period."). Accordingly, we conclude that the district court's dismissal should be vacated and the case should be remanded for the district court to provide Moskovits with an opportunity to demonstrate good cause for his failure to serve.[2] Because we vacate and remand on this ground, we need not reach the issue of whether the district court's denial of leave to amend was an abuse of discretion.

However, we reject Moskovits's request to reassign this case on remand. "Remanding a case to a different judge is a serious request rarely made and rarely granted." *United States v. Awadallah*, 436 F.3d 125, 135 (2d Cir. 2006). Nothing in this record presents any "unusual circumstances where both for the

---

[2] While Rule 4(m)'s default 90-day timeline for service of process contains an exception for "service in a foreign country under Rule 4(f), 4(h)(2), or 4(j)(1)," Fed. R. Civ. P. 4(m), we have suggested that this exception does not apply if a plaintiff never attempted to serve the defendant located in the foreign country. *See USHA (India), Ltd. v. Honeywell Int'l, Inc.*, 421 F.3d 129, 133–34 (2d Cir. 2005). However, because we cannot discern from the record whether Moskovits attempted to serve Defendants in Brazil, the district court should evaluate this issue in the first instance. If it turns out that Moskovits *did* attempt service in Brazil, then he qualifies for the exception to the 90-day timeline and there is no need to reach the good cause analysis.

5

judge's sake and the appearance of justice, an order of reassignment [would be]

appropriate." *See Mackler Prods., Inc. v. Cohen*, 225 F.3d 136, 146–47 (2d Cir. 2000)

(internal quotation omitted).

Accordingly, we **VACATE** the order of the district court and **REMAND**

for further proceedings.

<div style="margin-left: 45%;">
FOR THE COURT:<br>
Catherine O'Hagan Wolfe, Clerk of Court
</div>