14-3952-cv
*Call Ctr. Tech., Inc. v. Interline Travel & Tour, Inc.*

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 9th day of December, two thousand fifteen.

Present:
>   ROBERT A. KATZMANN,
>   > *Chief Judge*,
>   RALPH K. WINTER,
>   JOHN M. WALKER, JR.,
>   > *Circuit Judges.*

––––––––––––––––––––––––––––––––––––––––––––

CALL CENTER TECHNOLOGIES, INC.,

>   *Plaintiff-Appellee*,

>   v.                                                     No. 14-3952-cv

INTERLINE TRAVEL & TOUR, INC.,

>   *Defendant-Appellant*,

GRAND ADVENTURES TOUR & TRAVEL PUBLISHING CORP.,

>   *Defendant.*

––––––––––––––––––––––––––––––––––––––––––––

For Defendant-Appellant:                DANIEL J. KRISCH (John B. Farley, *on the brief*), Day Pitney LLP, Hartford, CT.

For Plaintiff-Appellee:                           JOSEPH K. SCULLY (Jeffrey P. Mueller, *on the brief*), Halloran & Sage LLP, Hartford, CT.

Appeal from the United States District Court for the District of Connecticut (Melançon, *J.*).

**ON CONSIDERATION WHEREOF**, it is hereby **ORDERED**, **ADJUDGED**, and **DECREED** that the judgment of the district court is **AFFIRMED**.

Defendant-appellant Interline Travel & Tour, Inc. ("Interline") appeals from rulings of the district court (Melançon, *J.*) that held (1) that Interline had waived, or alternatively was judicially estopped from raising, a choice of law argument presented on the eve of trial when it had relied solely on Connecticut law for the entire ten-year history of this lawsuit, and (2) that Interline could only present evidence of equitable defenses relating to the issue of successor liability and not solely to the underlying breach of contract claim that had been remanded to state court.

We assume the parties' familiarity with the underlying facts, procedural history, and the issues on appeal. This case stems from decade-long litigation surrounding a contract between plaintiff-appellee Call Center Technologies, Inc. ("Call Center") and Grand Adventures Tour & Travel Publishing Corp. ("GATT"). The remaining issue is whether, in the event that GATT is found to have breached the contract in the parallel state court action, Interline is responsible for that breach under a theory of successor liability. This issue came before us in an earlier appeal after the district court granted summary judgment in favor of Interline. *See Call Ctr. Techs., Inc. v. Grand Adventures Tour & Travel Pub. Corp.*, 635 F.3d 48, 51 (2d Cir. 2011) (per curiam). We affirmed the district court with respect to plaintiff's fraud theory of successor liability but

2

vacated the district court's decision with respect to the "mere continuation" theory of successor liability and remanded the case to the district court for further proceedings consistent with that opinion. *Id.* at 55. For the first time on remand, Interline raised the argument that Texas as opposed to Connecticut law should apply to the court's analysis of successor liability.

We review de novo a finding of waiver. *See U.S. D.I.D. Corp. v. Windstream Commc'ns, Inc.*, 775 F.3d 128, 135 (2d Cir. 2014). Ordinarily, the law of the case "forecloses relitigation of issues . . . impliedly decided by the appellate court." *United States v. Quintieri*, 306 F.3d 1217, 1229 (2d Cir. 2002) (quoting *United States v. Ben Zvi*, 242 F.3d 89, 95 (2d Cir. 2001)). Where an issue would have been ripe for review on an initial appeal but was not raised, the issue "is considered waived and the law of the case doctrine bars the district court on remand and an appellate court in a subsequent appeal from reopening such issues 'unless the mandate can reasonably be understood as permitting it to do so.'" *Id.* (quoting *Ben Zvi*, 242 F.3d at 95). However, the issue will not be considered waived unless a party had "both an opportunity and an incentive to raise it . . . on appeal." *Id.*

There is no dispute that Interline did not raise a choice of law argument prior to or during the initial appeal in this case, despite the fact that the "mere continuation" theory of successor liability at issue here was also at issue in the district court's initial summary judgment ruling and was the subject of the first appeal. *See Call Ctr. Techs., Inc.*, 635 F.3d at 53. Had Interline raised the choice of law issue in the district court prior to the summary judgment ruling, it would have been ripe for review during the initial appeal.

However, Interline argues that it had no incentive to bring the choice of law argument prior to the first appeal since it believed that Connecticut law entitled it to summary judgment.

3

Therefore, Interline asserts, the district court erred in finding that the choice of law argument had been waived. We disagree. We find that Interline had every incentive to put its best case forward prior to the initial appeal—whether under Connecticut law or Texas law. The fact that it now believes Texas law is more favorable than Connecticut law in light of our decision in the initial appeal does not mean that it did not have the incentive and opportunity to pursue the case under Texas law prior to that appeal. It made the strategic decision to pursue its case under Connecticut law and we applied that law to our analysis of Interline's motion for summary judgment on successor liability. *Id.* at 52–53.

Furthermore, to allow Interline to present a choice of law argument now would potentially unravel our prior decision, a result that cannot be consistent with the mandate. *Brown v. City of Syracuse*, 673 F.3d 141, 147 (2d Cir. 2012) ("Th[e] 'mandate rule prevents re-litigation in the district court . . . of issues impliedly resolved by the appellate court's mandate.'" (quoting *Yick Man Mui v. United States*, 614 F.3d 50, 53 (2d Cir.2010))). Our law on waiver disfavors a double-bite at the apple—a party cannot test its case under the laws of one state and, when unsuccessful there, change the playing field and try again under the laws of another. Especially given the long history of this case and the fact that for years the parties and the court operated under the premise that Connecticut law applied, Interline's failure to raise the choice of law issue in the district court prior to the first appeal served as a waiver of that argument.

Interline also challenges the district court's pre-trial ruling that precluded it from introducing evidence in support of its equitable defenses, where the evidence related only to the breach of contract claim. We review evidentiary rulings for abuse of discretion. *Harris v. O'Hare*, 770 F.3d 224, 231 (2d Cir. 2014). The district court's ruling precluded evidence only to

4

the extent that the evidence was not relevant to the issue of successor liability. This is supported by the fact that it allowed evidence relating to the equitable defense of laches as it related to successor liability. To the extent that Interline seeks to introduce evidence relating to the breach of contract claim that is not relevant to the claim of successor liability, we know of no authority to support that position. Accordingly, the district court did not abuse its discretion in excluding evidence pertaining only to the breach of contract claim.

We have considered Interline's remaining arguments and find them to be without merit. For the reasons stated herein, the judgment of the district court is **AFFIRMED**.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK