16-3450-cv
*In Re: Kingate Management Limited Litigation*

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007 IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 17th day of August, two thousand eighteen.

PRESENT: ROBERT A. KATZMANN,
   *Chief Judge,*
   PIERRE N. LEVAL,
   PETER W. HALL,
   *Circuit Judges.*

------------------------------------------------------------------

IN RE: KINGATE MANAGEMENT LIMITED LITIGATION

CRITERIUM CAPITAL FUNDS B.V., BBF TRUST, BANCA ARNER S.A., ALVARO CASTILLO, BG VALORES, S.A., JAQUES LAMAC, NITKEY HOLDINGS CORPORATION,

   *Plaintiffs-Appellants,*

LUCIEN GELDZAHLER,

   *Plaintiff-Consolidated*

1

*Defendant-Appellant,*

SILVANA WORLDWIDE CORPORATION, WALL STREET SECURITIES, S.A., EITHAN EPHRATI, ANDBANC,

*Plaintiffs,*

v.    No. 16-3450-cv

TREMONT (BERMUDA) LIMITED, SANDRA MANZKE, FIM ADVISERS LLP, MICHAEL G. TANNENBAUM, TREMONT GROUP HOLDINGS, INCORPORATED, PRICEWATERHOUSECOOPERS LLP,

*Defendants-Appellees,*

KINGATE MANAGEMENT LIMITED, FIM (USA) INCORPORATED, CITI HEDGE FUND SERVICE LTD,

*Defendants-Consolidated*
*Defendants-Appellees,*

PRICEWATERHOUSECOOPERS BERMUDA, CARLO GROSSO, FIM LIMITED, FEDERICO M. CERETTI,

*Consolidated Defendants-*
*Appellees,*

BERNARD L. MADOFF, GRAHAM H. COOK, JOHN E. EPPS, CHARLES SEBAH, KEITH R. BISH, CHRISTOPHER WETHERHILL, PHILLIP A. EVANS, MARGARET EVERY, SHAZIEH SALAHUDDIN, JOHANN WONG, PRESTON M. DAVIS, BANK OF BERMUDA LIMITED,

2

*Defendants,*

PRICEWATERHOUSECOOPERS, ANDORRA BANC AGRICOL REIG S.A., on behalf of itself and on behalf of all others similarly situated,

*Consolidated Defendants.*

-----------------------------------------------------------------

FOR APPELLANTS:                     DAVID A. BARRETT, Boies, Schiller & Flexner LLP, New York, N.Y. (Stuart H. Singer, Boies, Schiller & Flexner LLP, Fort Lauderdale, FL; Steven J. Toll, Joshua S. Devore, S. Douglas Bunch, Cohen Milstein Sellers & Toll PLLC, Washington, D.C., *on the brief*).

FOR APPELLEES:                      CARMINE D. BOCCUZZI, JR., Cleary Gottlieb Steen & Hamilton LLP, New York, N.Y.; BARRY G. SHER, JODI A. KLEINICK, Paul Hastings LLP, New York, N.Y. (Anthony Antonelli, Mor Wetzler, Paul Hastings LLP, New York, N.Y.; Erica Klipper, Cleary Gottlieb Steen & Hamilton LLP, New York, N.Y.; Scott W. Reynolds, Erin E. Valentine, Chaffetz Lindsey LLP, New York, N.Y.; Dennis H. Tracey, III, Sanford M. Litvack, Hogan Lovells US LLP, New York, N.Y.; Kimberly Perrotta Cole, Jonathan D. Cogan, Kobre & Kim LLP, New York, N.Y.; Seth M. Schwartz, Skadden, Arps, Slate, Meagher & Flom LLP, New York, N.Y., Laura G.

Birger, Abigail B. Seidner, Cooley LLP, New York, N.Y., *on the brief*).

Appeal from a judgment of the United States District Court for the Southern District of New York (Deborah A. Batts, *Judge*).

UPON DUE CONSIDERATION, it is hereby ORDERED, ADJUDGED, AND DECREED that the September 26, 2016 judgment of the District Court is AFFIRMED.

Plaintiff-Appellants Criterium Capital Funds, et al. ("Plaintiffs") appeal from the September 26, 2016 judgment of the District Court dismissing their class action claims against Defendant-Appellees Kingate Management Limited, et al. ("Defendants"). Plaintiffs were investors in Kingate Global Fund, Ltd. and Kingate Euro Fund, Ltd. (the "Funds"), two "feeder funds" for Bernard L. Madoff Investment Securities that lost substantially all of their assets due to Madoff's fraud. Defendants were the managers, auditors, consultant, and administrator of the Funds. Plaintiffs brought common law claims against Defendants alleging, *inter alia*, breach of contractual and tort-based duties in connection with Defendants' management and oversight of the Funds. In 2011, the District Court dismissed all of Plaintiffs' claims as precluded by the Securities

4

Litigation Uniform Standards Act of 1988 ("SLUSA"), Pub. L. No. 105-353, § 101, 112 Stat. 3227, 3227-33. *In re Kingate Mgmt. Ltd. Litig.*, 09-cv-5386, 2011 WL 1362106, at *9 (S.D.N.Y. March 30, 2011) ("*Kingate I*"). This Court vacated that dismissal and remanded for further proceedings, holding that SLUSA precluded from proceeding in a covered class action only those state law claims "predicated on conduct *of the defendant* specified in SLUSA's operative provisions, which reference the anti-falsity provisions of the [Securities Act of 1933 and Securities Exchange Act of 1934]." *In re Kingate Mgmt. Ltd. Litig.*, 784 F.3d 128, 149 (2d Cir. 2015) ("*Kingate II*"). On remand, the District Court dismissed some of Plaintiffs' claims as precluded by SLUSA, and the rest for lack of standing and failure to state a claim under British Virgin Islands ("BVI")/Bermuda law. *In re Kingate Mgmt. Ltd. Litig.*, 09-cv-5386, 2016 WL 5339538, at *18-30 (S.D.N.Y. Sept. 21, 2016) ("*Kingate III*"). We assume the parties' familiarity with the facts and procedural history of this case, which we reference only as necessary to explain our decision to affirm.

I.    Waiver

Plaintiffs' primary argument on appeal is that SLUSA, which precludes

certain class actions "based upon the statutory or common law of any State," 15 U.S.C. § 78bb(f)(1), does not apply to their claims, which are governed by foreign law. The District Court held that Plaintiffs waived this argument by failing to raise it in response to Defendants' motion to dismiss Plaintiffs' claims in *Kingate I*. *Kingate III*, 2016 WL 5339538, at \*18 n. 23. "We review de novo a finding of waiver." *Call Ctr. Techs., Inc. v. Interline Travel & Tour, Inc.*, 622 F. App'x 73, 74 (2d Cir. 2015).

We agree with the District Court that Plaintiffs waived this argument. In their *Kingate I* motion to dismiss, Defendants argued both that foreign law applied to the dispute and that SLUSA precluded Plaintiffs' claims. *See, e.g.*, Kingate Mgmt. Ltd.'s Mot. to Dismiss, Dkt. 102 at 6, 22.[1] Plaintiffs thus had "every incentive," *Call Ctr. Techs., Inc.*, 622 F. App'x at 75, to argue to the District Court that SLUSA was inapplicable to foreign law claims. Instead, Plaintiffs put forth numerous alternative defenses to SLUSA preclusion, *see* Pls.' Opp'n to Defs.' Mot. to Dismiss, Dkt. 137 at 38-48, and argued that New York law applied, *id.* at 13-21. Plaintiffs claim their omission did not constitute waiver, because at

---

[1] All docket entries refer to the district court docket, No. 1:09-cv-5386 (S.D.N.Y.).

the time the argument would have been "purely academic." Pls.' Br. 9-10. To the contrary, both choice of law and the applicability of SLUSA to Plaintiffs' claims were squarely before the District Court. Given the importance of SLUSA's applicability to the disposition, the argument that SLUSA would not apply if the District Court found that BVI/Bermuda law applied should have been advanced at the time. Plaintiffs' failure to timely raise it is not excused merely because the District Court only later determined that foreign law applied. We therefore agree with the District Court's determination that Plaintiffs waived this argument by failing to raise it before the District Court in response to Defendants' first motion to dismiss.

II.     SLUSA Preclusion

Plaintiffs also argue the District Court erred in finding that SLUSA precluded their negligent misrepresentation claims against PricewaterhouseCoopers ("PwC") and Citi Hedge. The District Court dismissed these claims for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1).[2] *Kingate III*, 2016 WL 5339538, at *20, *27-29. "On appeal

---

[2] Plaintiffs have not disputed—neither before the District Court nor in this

from such a judgment, we review factual findings for clear error and legal conclusions *de novo*." *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000) (internal quotation marks omitted).

Plaintiffs argue SLUSA does not preclude their negligent misrepresentation claims against PwC and Citi Hedge, because the alleged misrepresentations were not made "in connection with the purchase or sale of a covered security." 15 U.S.C. § 78bb(f)(1). To that end, Plaintiffs point out that the alleged misrepresentations "make no mention of Madoff or covered securities," and concern only the audit reports, financial statements, and Net Asset Value of the Funds, "which are indisputably not covered securities." Pls.' Br. 18.

Our prior decision in *Kingate II* held that "the essential element of SLUSA that requires falsity 'in connection with' a purchase or sale of a covered security is satisfied in this case." *Kingate II*, 784 F.3d at 142. We see no reason to depart from that holding with respect to the negligent misrepresentation claims against

---

appeal—that, assuming SLUSA preclusion applies to foreign law claims, Counts 1-4, 8, 14, 20, and 27 of the Second Amended Complaint are precluded by SLUSA. We therefore affirm the dismissal of those claims as precluded by SLUSA.

PwC and Citi Hedge. As we explained in *Kingate II*, Plaintiffs "purchased the uncovered shares of the offshore Funds, expecting that the Funds were investing the proceeds in S & P 100 stocks, which are covered securities." *Id.* They made "attempted investments in covered securities, albeit through feeder funds." *In re Herald*, 753 F.3d 110, 113 (2d Cir. 2014). Defendants' alleged misrepresentations, which concerned the financial health and value of the Funds, were thus "material to a decision by one or more individuals . . . to buy or to sell a 'covered security,'" and satisfied SLUSA's "in connection with" requirement. *Chadbourne & Park LLP v. Troice*, 571 U.S. 377, 387 (2014).

III. Standing under BVI/Bermuda Law

Finally, Plaintiffs argue that the District Court erred in dismissing Plaintiffs' remaining claims for lack of standing under BVI/Bermuda law. We review de novo a district court's determination of an issue of foreign law. *United States v. Schultz*, 333 F.3d 393, 401 (2d Cir. 2003); *see* Fed. R. Civ. P. 44.1 ("The court's determination [of foreign law] must be treated as a ruling on a question of law.").

The parties agree that under BVI/Bermuda law, the "reflective loss rule"

9

generally bars shareholders from suing to recover losses that are merely reflective of the losses of the company in which they are invested. *See Johnson v. Gore Wood & Co.*, [2000] 2 A.C. 1 (H.L.). Applying this doctrine, the District Court held that "once Plaintiffs invested in the Funds, their cash became the property of the Funds," and "any losses to Plaintiffs' property, the shares, were by definition reflective of the diminished value of the Funds' assets." *Kingate III*, 2016 WL 5339538, at *39.

We agree. Plaintiffs seek compensation for the loss of their investments in the Funds, as well as for the loss of fees paid to the Funds. Their claim is that they paid money to the Funds, and the Funds in turn lost that money. In essence, they seek "to make good a diminution in the value of the shareholder's shareholding." *Johnson v. Gore Wood & Co.*, [2000] 2 A.C. 1 (H.L.). This "merely reflects the loss suffered by the company," and therefore "[n]o action lies." *Id.* Plaintiffs' losses were not, as required by the reflective loss rule, "separate and distinct from [the loss] suffered by the company." *Id.*

Plaintiffs claim their loss was "asymmetrical" to the Funds' loss, and therefore not reflective of it. Pls.' Br. 23. They reason that, measuring their loss on

10

a "net equity" basis (calculating their investments minus redemptions), the loss to the Plaintiff class was greater than the loss to the Funds because, unlike Plaintiffs, some investors withdrew more from the Funds than they invested. Any recovery secured in the Funds' liquidation proceedings thus will not make Plaintiffs whole. Plaintiffs' argument fails because it relies on a loss-calculation methodology that is not applicable. The "net equity" method of calculating loss is used to distribute the proceeds of Securities Investor Protection Act (SIPA) liquidations. *In re Bernard L. Madoff Inv. Sec. LLC*, 654 F.3d 229, 233 (2d Cir. 2011). But BVI/Bermuda law applies to this case, and under that law, liquidation proceeds are likely to be distributed pro rata. The District Court was correct to "reject[] the argument that because there may be a more beneficial methodology for calculating loss in the Second Circuit or the Plaintiffs may not recover as much through the BVI liquidation proceedings, the reflective loss principle does not apply." *Kingate III*, 2016 WL 5339538, at *40.

Plaintiffs also argue their claims are permitted under the exception to the reflective loss rule articulated in *Giles v. Rhind*, [2003] EWCA (Civ.) 1428. But that exception applies only where a company, as a consequence of the defendant's

11

wrongful conduct, is *unable* to pursue a cause of action to which it is entitled. *See id.*; *Rehman v. Jones Lang Lasalle*, [2013] EWHC 1339 (QB) [86] (applying the *Giles* exception where the company would have been deemed a third party barred from suit under the operative contract's disclaimer provisions). It is inapplicable here, where the Funds can—and, in fact, have—brought claims against many of the Defendants.

The District Court thus correctly concluded that Plaintiffs' remaining claims were barred by the reflective loss rule. This is true of both Plaintiffs' Group 4 claims (those alleging breach of tort- and contract-based duties, *see Kingate II*, 784 F.3d at 135) and their Group 5 claims (those seeking compensation for fees, *see id.*). As to the Group 5 claims, Plaintiffs argue their loss of the 5% subscription fee is not reflective of the Funds' loss, because the fee was retained by the Fund manager prior to investment in the Funds' shares. However, as Plaintiffs concede, the subscription instructions required the entire price of an investor's subscription, including the 5% charge, to be wired to a bank account naming a Fund as beneficiary. The loss of that fee is thus rightly considered the Funds' loss, and the loss to Plaintiffs merely reflective.

In addition, we see no abuse of discretion in the District Court's denial of leave to replead under the circumstances. We have considered Plaintiffs' remaining arguments and concluded that they are without merit.[3] Accordingly, the judgment of the District Court is AFFIRMED.

FOR THE COURT:

Catherine O'Hagan Wolfe, Clerk of Court

---

[3] As we affirm on other grounds, we do not consider Defendants' alternative grounds for dismissal.